IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DONNA DENISON,**

      *Plaintiffs*,

v.

**HORSEY DENISON LANDSCAPING LLC,** *et al.*,

      *Defendants*.

Civil No.: 1:25-cv-00448-JRR

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Respondents Horsey Denison Landscaping, LLC ("HDL"), Robert E. Horsey, and David W. Horsey's (collectively, "Respondents") Motion to Vacate Order of Default (ECF No. 13; the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

**I.   BACKGROUND**

On February 11, 2025, Petitioner Donna Denison initiated the instant action against Respondents seeking to confirm a January 30, 2025 award by accounting firm Vallit Advisors, LLC, in Denison's favor. (ECF No. 1 at p. 1.) Denison seeks confirmation of the award and entry of judgment in her favor. *Id.* ¶¶ 28–33. Prior to initiation of this action, HDL filed suit against Denison for breach of contract and declaratory judgment arising from HDL's purchase of Denison Landscaping & Nursery, Inc., and Denison Farms, LLC. (Case No. 24-1484, ECF No. 1 ¶¶ 1–2.) In that related case, Denison filed a Third-Party Complaint against the Horseys (Case No. 24-1484, ECF No. 8) and a Counterclaim against HDL (Case No. 24-1484, ECF No. 49). Both actions concern claims that arise from a Stock and Membership Interest Purchase Agreement and an

accompanying Note between Denison and HDL, and for which Horseys guaranteed HDL's performance.

In the instant case, Respondents' response to Denison's Petition was due on or before March 24, 2025. (ECF No. 7.) No response was filed. Denison moved for Clerk's entry of default the following day. (ECF No. 8.) The Clerk entered default that same day. (ECF No. 9.) Two weeks later, on April 8, 2025, Respondents filed the instant Motion. Denison did not respond to the Motion.

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 55(c), the court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge . . . ." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) ("[T]he law disfavors disposition by default and accords preference to resolving a case on its merits.").

The Fourth Circuit has identified six factors that district courts should consider when determining whether to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–205. "In weighing these factors, a district court

should not 'place[ ] overarching emphasis on a single *Payne* factor.'" *Old Republic Nat'l Title Ins. v. Georg*, No. CV RDB-21-0842, 2023 WL 2185777, at *3 (D. Md. Feb. 23, 2023) (citing *Colleton Preparatory Acad.*, 616 F.3d at 419). The court thus turns to its analysis of the *Payne* factors.

### A. Meritorious Defense

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997). "The burden for proffering a meritorious defense is not onerous." *Russell v. Krowne*, No. CIV.A. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013) (citing cases). As this court has explained,

> "[A]ll that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). "The question of whether the factual allegation[s] [are] true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." *Mesle*, 615 F.3d at 1094

*Old Republic Nat'l Title Ins. v. Georg*, No. CV RDB-21-842, 2023 WL 3763976, at *7 (D. Md. June 1, 2023); *see Russell*, 2013 WL 66620, at *2 (same).

Here, Respondents' Answer includes the requisite admission or denial of factual allegations, as well as a panoply of affirmative defenses. (ECF No. 13-1.) There is also pending litigation initiated by Respondents against Denison for actions related to the underlying allegations here. Whether Respondents' defenses (and the respective claims asserted in both actions) will prevail is the stuff of litigation. *See Old Republic Nat'l Title Ins.*, 2023 WL 3763976, at *7, *supra*. This factor favors the Motion.

### B. Reasonable Promptness

"[A] party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default . . . ." *Nat'l Liab. & Fire Ins. v. Rooding*, No. CV ELH-15-2572, 2016 WL 5144493, at *7 (D. Md. Sept. 21, 2016) (quoting *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001)). There is little doubt that Respondents have been prompt. Denison moved for default merely one day after Respondents' response was due. The Clerk entered default that same day. Respondents filed the instant Motion and their Answer 14 days after entry of default, well within the 30-day timeframe imposed by Local Rule 108.2. (ECF No. 13.) Given the foregoing, the court is persuaded that Respondents' actions were reasonably prompt. This factor favors granting the Motion.

### C. Personal Responsibility of the Defaulting Party / History of Dilatory Actions

"The third and fifth *Payne* factors can be addressed together." *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, 738 F. Supp. 3d 669, 682 (D. Md. 2024). "In considering personal responsibility, district courts in the Fourth Circuit have found that default judgment 'is reserved only for cases where the party's noncompliance represents bad faith or complete disregard for the mandates of procedure and the authority of the trial court.'" *Id.* (quoting *First Am. Fin. Corp. v. Homefree USA, Inc.*, No. 1:12-cv-02888-ELH, 2013 WL 2902856, at *4 (D. Md. June 12, 2013), *report and recommendation adopted*, 2013 WL 6080178 (D. Md. July 8, 2013)).

Denison has not responded to the Motion averring any bad faith or dilatory action, although the court recognizes that there have been what seem to be tense disputes among the parties in the related case. Nonetheless, Respondents state that the delay here resulted from their counsel having not initially been retained as to this action, as well as their efforts to settle prior to the filing deadline. (ECF No. 13 ¶ 10.) No facts or allegations have been put before this court in the present

action that Respondents were dilatory or "motivated by any intent . . . to disregard or derail the legal process." *Cofield v. Worktime, Inc.*, No. CV 22-00727-SAG, 2022 WL 2315723, at *2 (D. Md. June 28, 2022). In sum, these factors favor granting the Motion.

### D. Prejudice to the Party

"[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418. There is no prejudice to a plaintiff where the disadvantage is simply the "los[s] [of] a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). Here, the slight delay in proceedings does not prejudice Denison. No scheduling order has been issued, so Denison will suffer no prejudice if default is vacated. *See Cofield*, 2022 WL 2315723, at *3 ("Because no scheduling order has yet been set in this case as a result of the multitude of motions that must be addressed first, there will be no prejudice to Plaintiffs if the default is vacated."). This factor favors the Motion.

### E. Availability of Less Drastic Sanctions

In light of the above analysis, the court does not find that some less drastic (or other) sanction is warranted, and Denison requests none. *See Mezu v. Morgan State Univ.*, No. CIV.A. WMN-09-2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010) ("[T]he extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.") (quoting *Mobil Oil Co. De Venez. v. Parada Jimenez,* 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. 1993)). This factor favors the Motion.

### III. CONCLUSION AND ORDER

For the reasons above, it is this 2nd day of May 2025,

**ORDERED** that the Motion (ECF No. 13) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that the Clerk's Entry of Default (ECF No. 9) shall be, and is hereby, **VACATED**.

/s/
Julie R. Rubin
United States District Judge